1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9
10

_____
)
ALBERT KWAN,                            )
                                        )
                                        )
                  Plaintiff,            )
                                        )
      v.                                )
                                        )
UNITED STATES CUSTOMS SERVICE,          )
                                        )
                                        )
                  Defendant.            )
_____)

11
12
13
14

No. C03-2888L

ORDER DISMISSING ACTION FOR
LACK OF SUBJECT MATTER
JURISDICTION

15
16
17
18
19
20
21
22

   This case comes before the Court on defendant's "Motion to Dismiss Pursuant to Rule 12(b)(2) and Rule 12(b)(6)" ("Motion to Dismiss").  Plaintiff brought suit against the United States Customs Service ("Customs")[1] for 1) a declaratory judgment stating that Customs is not authorized to seize vehicles strictly on the basis that the vehicle has a hidden compartment; 2) an order requiring Customs to stop using "hold harmless" agreements; 3) an order requiring Customs to properly train its employees; and 4) money damages and attorney's fees.  See Complaint for Money Damages at 3-4 ("Complaint").  Defendant moves for dismissal under

23
24
25

_____

   [1]  The United States Customs service is now known as United States Customs and Border Protection, pursuant to the creation of the Department of Homeland Security in 2003.

26

ORDER DISMISSING ACTION FOR
LACK OF SUBJECT MATTER
JURISDICTION

Fed. R. Civ. P. 12(b)(2) (lack of personal jurisdiction) or alternatively, under Fed. R. Civ. P. 12(b)(6) (failure to state a claim). Though defendant does not reference Fed. R. Civ. P. 12(b)(1) (lack of subject matter jurisdiction) in the caption, defendant argues lack of subject matter jurisdiction as well.[2] See Motion to Dismiss at 6-7; Reply at 3.

A.   **The United States Is the Proper Defendant.**

Plaintiff has brought his claim against Customs, not the United States. See Complaint. Suits against federal agencies may be barred by sovereign immunity if the conduct alleged was undertaken on behalf of the government. See South Delta Water Agency v. Dept. of Interior, 767 F.2d 531, 536 (9th Cir. 1985). A plaintiff cannot avoid sovereign immunity by simply designating an agency as the defendant. See Hutchinson v. United States, 677 F.2d 1322, 1327 (9th Cir. 1982); see also Nat'l Commodity & Barter Ass'n v. Gibbs, 886 F.2d 1240, 1246 (10th Cir. 1989) (noting sovereign immunity cannot be avoided by naming agencies or employees of the federal government as defendants when the proper party is the United States itself). "In sovereign immunity analysis, any lawsuit against an agency of the United States or against an officer of the United States in his or her official capacity is considered an action against the United States." Basler v. Dept. of Justice, 327 F.3d 903, 907 (9th Cir. 2003).

For the purposes of sovereign immunity, an action is against the United States if the relief sought would: 1) expend itself on the public treasury; 2) interfere with public administration; or 3) restrain the government from acting or compel the government to act. Dugan v. Rank, 372

---

   [2] Subject matter jurisdiction can be raised at any point in the proceedings. Fed. R. Civ. P. 12(h)(3). Therefore, to the extent this Motion to Dismiss relates to subject matter jurisdiction, plaintiff's contention that defendant's Motion to Dismiss was untimely is moot. See Response at 10. Moreover, sovereign immunity may be asserted at any stage of the proceedings, either by parties *or by the court*. Cal. Dept. of Fish & Game v. Quechan Tribe of Indians, 595 F.2d 1153, 1155 n.1 (9th Cir. 1979) (emphasis added).

ORDER DISMISSING ACTION FOR
LACK OF SUBJECT MATTER
JURISDICTION                    -2-

U.S. 609, 620 (1963).  Plaintiff seeks money damages and an order that compels or restrains government action in regards to seizures and the subsequent release of seized property.  See Complaint at 3.  Therefore the relief requested clearly implicates the United States and the United States is the proper defendant in this action.[3]

**B.     Sovereign Immunity Bars Plaintiff's Claims.**

The United States, as sovereign, is immune from suit unless it has waived its immunity.  United States v. Mitchell, 445 U.S. 535, 538 (1980).  Waiver of sovereign immunity "cannot be implied but must be unequivocally expressed."  Id.  Only Congress can waive sovereign immunity.  See Midwest Growers Coop. Corp. v. Kirkemo, 533 F.2d 455, 465 (9th Cir. 1976).  The burden of directing the Court to an explicit waiver of immunity is on the party bringing the suit.  Holloman v. Watt, 708 F.2d 1399, 1401 (9th Cir. 1983), cert. denied, 466 U.S. 958 (1984).

The Federal Tort Claims Act ("FTCA") waives immunity and grants district courts

> exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . for injury of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b).  The FTCA is the exclusive remedy against the United States for claims sounding in tort.  See id. at § 1346(a).  The question of whether the United States has waived its sovereign immunity against suits for damages is a question of subject matter jurisdiction.  McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988).

The FTCA contains a limited number of exceptions pursuant to which the government is immune from suit, notwithstanding that a private party could be liable under the same

---

[3]  Moreover, plaintiff concedes "[t]he acts alleged herein by employees of the United States Customs Service were committed on behalf of the United States of America . . . ."  Complaint at 1.

ORDER DISMISSING ACTION FOR
LACK OF SUBJECT MATTER
JURISDICTION                              -3-

circumstances.  <u>See</u> 28 U.S.C. § 2680(a)-(n).  While the plaintiff bears the burden of directing the Court to a waiver of immunity, the United States bears the burden of proving one of the exceptions applies.  <u>Prescott v. United States</u>, 973 F.2d 696, 701 (9th Cir. 1992).  One of the exceptions found in § 2680 relieves the United States of liability for "any claim arising in respect of . . . the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer."  § 2680(c) ("Detention Exception").  However, the FTCA allows claims based on injury or loss of goods, merchandise, or other property, while in the possession of government officers if:

> 1)  the property was seized for the purposes of forfeiture . . .;
> 2)  the interest of the claimant was not forfeited;
> 3)  the interest of the claimant was not remitted or mitigated (if the property was subject to forfeiture);
> 4)  the claimant was not convicted of a crime for which the interest of the claimant in the property was subject to forfeiture . . . .

<u>Id</u>. ("Detention Exception Limitation").[4]

**1.  Sovereign Immunity for Money Damages.**

Plaintiff's complaint does not set forth a waiver of sovereign immunity.  In response to defendant's Motion to Dismiss, plaintiff alleges that his suit is for the tort of conversion and should be allowed under the FTCA.  Response at 7.  Defendant alleges that the seizure of plaintiff's van falls under the Detention Exception.  <u>See</u> Motion to Dismiss at 6 (citing 28 U.S.C. § 2680(c)).  Plaintiff counters that the detention falls within the Detention Exception Limitation. <u>See</u> Response at 7-8 (citing 28 U.S.C. § 2680(c)(1)-(4)).

Plaintiff's claim falls within the Detention Exception.  It is a claim arising out of the

---

[4]  Congress amended § 2680(c) in 2000 to include the limitation.  <u>See</u> Pub. L. 106-185.

ORDER DISMISSING ACTION FOR
LACK OF SUBJECT MATTER
JURISDICTION                    -4-

detention of goods by a Customs official.  <u>See</u> 28 U.S.C. § 2680(c).  Plaintiff apparently concedes this fact, instead arguing that the claim falls within the meaning of the Detention Exception Limitation, which applies to "injury or loss of goods, merchandise, or other property." Plaintiff seeks damages for the lost use of his van while it was in the government's custody. Response at 8.  Plaintiff must show a waiver of sovereign immunity that is "unequivocally expressed."  <u>Mitchell</u>, 445 U.S. at 538.  Injury based on lost use is not unequivocally expressed in the language of the Detention Exception Limitation, which refers only to "injury or loss of goods, merchandise, or other property."  Plaintiff's property has not been injured or lost.  It was returned in the same condition as it was taken from plaintiff.  <u>See</u> Response at 8.  Therefore, the plain language of the  FTCA does not act as a waiver of the government's sovereign immunity.

Moreover, the Congressional intent behind the amendment does not indicate the inclusion of lost use damages.  <u>See</u> 106 H.R. REP. No. 106-192 at *18 (1999).  The limitation refers to physical damage.

> Seized property awaiting forfeiture can be quickly damaged: Seized conveyances devalue from aging, lack of care, inadequate storage, and other factors while waiting forfeiture.  They often deteriorate-engines freeze, batteries die, seals shrink and leak oil, boats sink, salt air and water corrode metal surfaces . . . windows crack from heat.  On occasion, vandals steal or seriously damage conveyances . . . .  The bill amends the Federal Tort Claims Act to allow for tort claims against the United States government based on the destruction, injury, or loss of goods, merchandise, or other property while in the possession of any law enforcement officer . . . .

<u>Id</u>.  Nothing in the legislative history suggests that claims for lost use are allowed under the FTCA.  While the language quoted above does reference "devalue from aging," this is not the claim plaintiff asserts.  He has not claimed that his van was worth less after its

ORDER DISMISSING ACTION FOR
LACK OF SUBJECT MATTER
JURISDICTION                                    -5-

return, but instead he argues that he personally suffered injury for his lost ability to use the van.  Therefore, because plaintiff's claim for money damages does not fall within either the plain language of the statute, nor within the Congressional intent behind the Detention Exception Limitation, plaintiff's claim for money damages must be dismissed for lack of subject matter jurisdiction.[5]

### 2.  Sovereign Immunity for Injunctive and Declaratory Relief.

Plaintiff's remaining claims are for injunctive and declaratory relief.  Plaintiff requests orders requiring Customs to stop using "hold harmless" agreements and requiring Customs to properly train its employees.  Complaint at 3.  These orders would "interfere with public administration" or "restrain the government from acting or compel the government to act."  See Dugan, 372 U.S. at 620.  Therefore the United States is the proper defendant and plaintiff must show a waiver of sovereign immunity.  The FTCA only applies to compensatory damages, not injunctive relief.  Moon v. Takisaki, 501 F.2d 389, 390 (9th Cir. 1974) ("[t]he Tort Claims Act makes the United States liable in money damages for the torts of its agents under specified conditions, but the Act does not submit the United States to injunctive relief.").  Plaintiff has not directed the Court to any other waiver of sovereign immunity other than the FTCA.  See Response at 7-9.  Therefore, plaintiff's request for orders requiring Customs to stop using "hold harmless" agreements and requiring Customs to properly train its employees is barred by sovereign immunity.

Plaintiff also requests a declaratory judgment stating that Customs is not authorized to

---

[5]  Additionally, plaintiff has not cited and the Court has not located any published authority supporting plaintiff's claim that the United States has waived immunity for lost use damages claims.

ORDER DISMISSING ACTION FOR
LACK OF SUBJECT MATTER
JURISDICTION                    -6-

seize vehicles strictly on the basis that the vehicle contains a hidden compartment.  Complaint at 3.  Some declaratory judgments against the United States are not barred by sovereign immunity.  See e.g., Panola Land Buyers Ass'n v. Shuman, 762 F.2d 1550, 1556 (11th Cir. 1985) (granting declaratory action that would not interfere with public administration).  In Shuman, the declaration Panola sought stated that defendant had violated various obligations owed under federal law.  Id.  The declaration did not require the government to act differently.  Id.  However, when the declaratory judgment requires action on the part of the government, sovereign immunity applies.  See Maldonado v. Hodel, 683 F. Supp. 1322, 1326 (D. Utah 1988), affirmed by, 977 F.2d 596 (10th Cir. 1990) (declaratory decree in plaintiff's favor rejected because it could "interfere with the public administration" and "restrain the government from acting").  Here, if plaintiff's request is granted, Customs will be restrained in its search and seizure methods at the border.  Therefore, sovereign immunity bars this declaratory judgment because the relief would "restrain the government from acting."

      For all of the foregoing reasons, defendant's Motion to Dismiss (Dkt. # 17) is GRANTED.

      DATED this 25th day of April, 2005.

*Robert S. Lasnik*

Robert S. Lasnik
United States District Judge

ORDER DISMISSING ACTION FOR
LACK OF SUBJECT MATTER
JURISDICTION         -7-